IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal Action No. 09-00248-KD |
| | ) | |
| RICHARD CARL ROWE III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the motion to modify his sentence filed by Richard Carl Rowe III (doc. 27). Rowe moves the Court to modify his sentence to allow him to serve his sentence in either a residential reentry center, or a half way house, instead of in prison. Rowe bases his motion on concerns for his family and child support. Upon consideration, and for the reasons set forth herein, Rowe's motion is **DENIED**.

When a district court is presented with a motion to modify after imposition of a sentence, the Court of Appeals for the Eleventh Circuit has explained as follows:

> We recently held that "[t]he authority of a district court to modify an imprisonment sentence [once it has been imposed] is narrowly limited by statute":
>
> > Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).

*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see* 18 U.S.C. § 3582(c). As to the second circumstance allowing a sentence modification set forth in § 3582, "[t]he unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *Phillips*, 597 F.3d at 1195. Further, a district court has no

> "inherent authority" to modify a sentence that has already been imposed. *See United States v. Diaz–Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir.2002) (holding that the district court erred in concluding that it had "inherent power" to correct a sentence it had imposed six years earlier and which it viewed to be illegal).

*United States v. Catalano,* 2011 WL 2342581, *1 (11th Cir. June 14, 2011) (Slip Copy) (not selected for publication).

Rule 35(a) provides for correcting a sentence "[w]ithin 14 days after sentencing" where the sentence resulted "from arithmetical, technical, or other clear error." Rowe has not alleged or shown any such error on the part of the Court. Therefore, Rule 35(a) is not available. Rule 35(b) provides for a motion for reduction of a sentence upon substantial assistance. However, the United States has not made such a motion. Therefore, Rule 35(b) is not available. Title 18 U.S.C. § 3582(c)(2), allows a court to modify a term of imprisonment once it has been imposed but the limited circumstances identified in that statute do not appear to exist in this action.

Accordingly, this Court recognizes that it has no authority to reconsider Rowe's sentence. *Catalano,* 2011 WL 2342581, *1 (finding none of the circumstances allowing modification of a sentence were present and affirming the district court's recognition that it had "no authority to reconsider Catalano's sentence").

**DONE** and **ORDERED** this the 3rd day of January, 2012.

/s/ Kristi K. Dubose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**